■ In the Matter of NANCY SHUBERT, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent.—Judgment of the Supreme Court, New York County (William P. McCooe, J.), entered March 13, 1989, which dismissed a petition pursuant to CPLR article 78 seeking to annul a determination of respondent Division of Housing and Community Renewal (DHCR) dated August 31, 1988 which found petitioner's premises subject to rent stabilization regulations as to future tenancies, unanimously affirmed, without costs.

Petitioner's unilateral action in combining apartments, thereby reducing the number of residential units from seven to five subsequent to the base date for rent stabilization purposes, cannot effect an exemption from the pertinent regulations (see, Administrative Code of City of New York § 26-504 [Rent Stabilization Law]; Emergency Tenant Protection Act § 5 [a] [4] [L 1974, ch 576, § 4]; 9 NYCRR 2520.11). Such a result would be inconsistent with the purposes underlying the legislation regulating rents for multiple dwellings (see, Matter of Jaffe v New York State Div. of Hous. & Community Renewal, index No. 17817/86, Sup Ct, NY County, affd 144 AD2d 1040; 129 E. 56 St. Corp. v Harrison, 115 Misc 2d 506, 512).

DHCR's interpretation of the statutes which it administers is accorded great deference (Matter of Salvati v Eimicke, 72 NY2d 784), and a court may not substitute its judgment for that of the agency (Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd., 112 AD2d 72, affd 66 NY2d 1032). The administrative determination was neither arbitrary nor capricious and was based on substantial evidence. Concur —Kupferman, J. P., Carro, Milonas, Ellerin and Rubin, JJ.