■ In the Matter of MANSOUR S. ZANDIEH et al., Appellants, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF THE STATE OF NEW YORK, Respondent. [671 NYS2d 352] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Housing and Community Renewal dated April 26, 1996, confirming an order of the District Rent Administrator dated November 18, 1993, which determined that the apartment in question was subject to the Rent Stabilization Code (9 NYCRR parts 2520-2530), the petitioners appeal from a judgment of the Supreme Court, Queens County (Goldstein, J.), entered April 15, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The subject apartment was located in a 20-building, rent stabilized, multiple dwelling garden apartment complex which the petitioners bought in 1977. In 1985-1986 the petitioners converted the complex into independent buildings with less than six units, sold nine, and retained the remaining 11, including the building in which the subject apartment was located. Contrary to the petitioners' contention, the respondent's determination that the subject apartment remained rent regulated notwithstanding the post-conversion vacancy was neither irrational nor arbitrary and capricious (*see,* 9 NYCRR 2520.11 [d]; *Matter of Shubert v New York State Div. of Hous. & Community Renewal,* 162 AD2d 261).

We have considered the petitioners' remaining contention and find it to be without merit. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.