*791 OPINION OF THE COURT
Per Curiam.
Order dated November 4, 1999 affirmed, with $10 costs.
We agree that tenants’ building contained six “housing accommodations” on the applicable base date and, in consequence, their apartments continue to remain subject to the Rent Stabilization Law and Code (Rent Stabilization Code [9 NYCRR] § 2520.11 [d]). The building consists of five stories, with one apartment on each, plus a cellar apartment. Pursuant to a 1962 Board of Standards and Appeals resolution, “the cellar apartment shall be occupied by the superintendent of the building only.” It is not disputed that the apartment was continually occupied by superintendents for many years as a residence until its recent demolition. It thus qualified as a “housing accommodation” under the Code (9 NYCRR 2520.6 [a]), as that term has been broadly defined (see Matter of Gracecor Realty Co. v Hargrove, 90 NY2d 350) in furtherance of the remedial purpose of the rent regulation statutes. As noted by Civil Court, the exemption of the superintendent’s apartment from coverage (9 NYCRR 2520.11 [m]) does not detract from its status as a legal dwelling unit or housing accommodation which was occupied for living purposes (see Matter of Gottlieb v Mirabal, 123 AD2d 574 [inclusion of class B dwelling units, then exempt, toward determination of horizontal multiple dwelling status]).
We additionally note that the Division of Housing and Community Renewal (DHCR) has counted basement level apartments for purposes of determining whether a building has the requisite six housing accommodations for stabilization jurisdiction, notwithstanding that those apartments did not appear on the certificate of occupancy or were otherwise “illegal” (Matter of Gray, docket No. CB410009R0; Matter of Pinson, docket No. DA210126R0). DHCR’s construction of the statutes it administers is generally entitled to deference (Matter of Salvati v Eimicke, 72 NY2d 784, 791).
Finally, any attempt by landlord to reduce the number of residential units subsequent to the base date does not effect an exemption from rent stabilization (Matter of Shubert v New York State Div. of Hous. & Community Renewal, 162 AD2d 261).
Parness, P. J., Davis and Suarez, JJ., concur.