Balay v Manhattan 140 LLC (2022 NY Slip Op 02490)

Balay v Manhattan 140 LLC

2022 NY Slip Op 02490

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Index No. 160204/19 Appeal No. 15722-15722A Case No. 2021-01863 

[*1]Kirk Balay et al., Plaintiffs-Appellants,
v
Manhattan 140 LLC, Defendant-Respondent, New York City Department of Housing Preservation and Development, Defendant.

Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for appellants.
James P. Demetriou, Mineola, for respondent.

Order, Supreme Court, New York County (Melissa Anne Crane, J.), entered May 5, 2021, which granted defendant Manhattan 140 LLC's (Owner) motion to vacate an order, same court and Justice, entered November 10, 2020, which had directed Owner to correct violations at its building in accordance with a vacate order issued by defendant New York City Department of Housing Preservation and Development (HPD) to the extent necessary to enable plaintiffs to reoccupy their apartments, and to dismiss the complaint, and denied plaintiffs' motion to hold Owner in contempt of the November 10, 2020 order, unanimously modified, on the law, the motion to dismiss denied and the motion to vacate denied to the extent the November 2020 order enjoined Owner from taking any steps that would prevent plaintiffs from being restored to their tenancies in the event they prevail on their claim for declaratory and other relief, and otherwise affirmed, without costs.
Plaintiffs allege that they lived in two apartments in a walk-up building located at 461 West 140th Street in Manhattan for over 10 years before it was acquired by Owner in May of 2018. At the time Owner acquired the building, it had eight residential units, including three SRO units. In 2019, HPD issued notices of violations directing the Owner to correct various unsafe conditions in the building and also directed Owner to file plans and an application to obtain a certificate of occupancy to legalize the conversion of the building from single family to multiple dwelling residence (MDR) use if legally feasible. In October 2019, HPD issued a vacate order directing Owner to correct various violations, including the lack of a second means of egress. Plaintiffs claim that Owner itself caused the second egress to be blocked, leading to the vacate order. Plaintiffs commenced this action to obtain a declaratory judgment that they are rent-stabilized tenants, and related injunctive relief, and moved by order to show cause for temporary and preliminary injunctive relief. The court granted a TRO to maintain the status quo and, in the November 2020 order, issued after Owner failed to appear for oral argument, it further directed the Owner to comply with the vacate order, including obtaining a new certificate of occupancy legalizing the use of the building. Several months later, plaintiffs moved to hold Owner in contempt of that order, and Owner cross-moved to dismiss the complaint and to vacate the injunctive relief granted in the November 2020 order.
The court should not have granted the Owner's cross motion to dismiss based on documentary evidence because the evidence submitted by Owner did not conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; CPLR 3211[a][1]). Owner asserted that it could not obtain a certificate of occupancy legalizing the conversion of the building to MDR status and that plaintiffs' claim for a declaration that they were rent-stabilized [*2]tenants failed because the building was illegally converted. Owner submitted a letter issued by the Department of Buildings (DOB) in September 2019 stating that it previously had approved a Letter of No Objection for use of the building as three stories and a basement with a total of six Class A apartments and two Class B apartments in January 2008, but that the approval was now revoked based on information received from HPD. However, that document does not refute plaintiffs' claim that they are rent-stabilized tenants and, indeed, supports their claim that the building was recognized by DOB as an MDR from at least 2008 to the fall of 2019. Rent stabilization applies to Class A multiple dwellings containing six or more units and built before 1974 (Administrative Code of the City of NY [RSL] §§ 26-504[a], 26-506[a]; see Matter of Gracecor Realty Co. v Hargrove, 90 NY2d 350, 355 [1997]; Matter of Golden Horse Realty, Inc. v New York State Div. of Hous. & Community Renewal, 173 AD3d 612, 613 [1st Dept 2019]).
The issue of whether a building is subject to rent stabilization turns on the function of the units as housing accommodations (i.e. their continuous and exclusive use and occupancy as residences for a period of time), not the "legality" of their usage in the absence of a certificate of occupancy (see Gracecor, 90 NY2d at 355; White Knight Ltd. v Shea, 10 AD3d 567, 567 [1st Dept 2004]; Rosenberg v Gettes, 187 Misc 2d 790, 791 [App Term, 1st Dept 2000]). Unlike the case relied on by Owner, the apartments at issue here are not illegally converted basement apartments lacking secondary egress that are incapable of being legalized (cf. Segre v Mohabir, 70 Misc 3d 483 [Civ Ct, Queens County 2020]). Since plaintiffs' complaint properly pleads that they are entitled to status as rent-regulated tenants, and annexes supporting documentation, and Owner failed to submit evidence conclusively refuting that claim, the complaint should not have been dismissed.
To the extent the court purported to convert the motion to dismiss to one for summary judgment pursuant to CPLR 3211 (c), plaintiffs were not provided with proper notice and the case does not involve purely legal issues (see Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1st Dept 1987]; Monteferrante v New York City Fire Dept., 63 AD2d 576 [1st Dept 1978], affd 47 NY2d 737 [1979]).
As for Owner's cross motion to vacate the November 2020 order, to the extent the order compelled Owner to undertake repairs and correct violations identified in the vacate order, such a "mandatory injunction should not be granted, absent extraordinary circumstances, where the status quo would be disturbed and the plaintiff would receive the ultimate relief sought, pendente lite" (St. Paul Fire & Mar. Ins. Co. v York Claims Serv., 308 AD2d 347, 348-349 [1st Dept 2003]). However, to the extent the November 2020 order effectively enjoined the Owner from undertaking any steps that would prevent plaintiffs from being restored [*3]to their tenancies should they prevail, plaintiffs demonstrated a likelihood of success on their claim for declaratory relief, possible irreparable injury absent such injunctive relief, and that the balance of equities lies in their favor as they have been vacated from their long-term residences while Owner
apparently has delayed in correcting violations identified by HPD (see Jones v Park Front Apts., LLC, 73 AD3d 612, 613 [1st Dept 2010]). Accordingly, the order granting Owner's motion to vacate the injunctive order is denied to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022