OPINION OF THE COURT
Per Curiam.
The common issue presented on these appeals is whether *790 horizontal multiple dwellings other than "garden-type maisonette complexes” located in the City of New York may properly be held to be subject to rent regulation as class A multiple dwellings containing six or more units pursuant to the Rent Stabilization Law (Administrative Code of City of New York §§ 26-504, 26-505) and the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4; McKinney’s Uncons Laws of NY § 8621 et seq.).
Petitioners in Matter of Salvati are three sisters who own two adjoining buildings located at 184 and 186 Sixth Avenue. Respondent Division of Housing and Community Renewal (DHCR) determined that the buildings were subject to rent regulation as a horizontal multiple dwelling because they contained a total of more than six units and were serviced by a common boiler. Supreme Court vacated and annulled the agency’s determination, concluding that in order for the buildings to be considered a horizontal multiple dwelling, they must "first be found to include structures which are * * * garden-type maisonette dwelling complexes”. Supreme Court also found that DHCR’s determination was not supported by substantial evidence because the record contained no evidence of any common facilities other than the boiler adapted for use by the two buildings. The Appellate Division reversed on the law and reinstated the agency’s determination (135 AD2d 424). Relying on its decision in Matter of Bambeck v State Div. of Hous. & Community Renewal (129 AD2d 51, lv denied 70 NY2d 615), but making no reference to Supreme Court’s conclusion that the record was otherwise devoid of substantial evidence, the Appellate Division held that the inclusive rather than exclusive language of the Rent Stabilization Law (Administrative Code § 26-505) supported the agency’s view that the statute was not limited to horizontal multiple dwellings constituting garden-type maisonette complexes.
In Matter of Heller, petitioners are tenants in three adjoining buildings under a common ownership. DHCR, relying upon Supreme Court’s ruling in Matter of Salvati, determined that these three buildings did not constitute a regulated horizontal multiple dwelling because they were not a garden-type maisonette complex. Alternatively, the agency also found that although the buildings share common ownership and a common boiler, they are not a regulated horizontal multiple dwelling because they do not share sufficient other common facilities or services. Supreme Court’s judgment confirming *791 the agency’s determination was affirmed by the Appellate Division.
On these appeals, DHCR now argues that the Rent Stabilization Law and the Emergency Tenant Protection Act apply to horizontal multiple dwellings other than garden-type maisonette complexes and that its factual determinations in each case are supported by substantial evidence, are not arbitrary or irrational and therefore should be upheld.
DHCR’s interpretation of the statutes it administers, if not unreasonable or irrational, is entitled to deference (Matter of Colt Indus. v New York City Dept. of Fin., 66 NY2d 466, 471; Matter of New York Pub. Interest Research Group v New York State Dept. of Ins., 66 NY2d 444, 448; Matter of Howard v Wyman, 28 NY2d 434, 437-438; Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104, 108). The inclusive, rather than exclusive, language of the Rent Stabilization Law supports the agency’s view that the statute applies to horizontal multiple dwellings other than garden-type maisonette complexes. The statute applies to "Class A multiple dwellings” (Administrative Code § 26-504) which are "deemed to include a multiple family garden-type maisonette complex containing six or more dwelling units having common facilities such as sewer line, water main, and heating plant, and operated as a unit under a common ownership on [May 6, 1969], notwithstanding that certificates of occupancy were issued for portions thereof as one- or two-family dwellings” (Administrative Code § 26-505 [emphasis added]). The Emergency Tenant Protection Act also supports the agency’s view by providing for the regulation of all housing accommodations which it does not expressly except, including previously unregulated accommodations (McKinney’s Uncons Laws of NY §§8623, 8625). Although buildings containing fewer than six units are expressly excepted (McKinney’s Uncons Laws of NY § 8625 [a] [4] [a]), horizontal multiple dwellings containing six or more units are not excepted and garden-type maisonette complexes having the common facilities listed in the statute are expressly included as multiple dwellings containing more than six units (McKinney’s Uncons Laws of NY § 8625 [a] [4] [b]). Accordingly, DHCR’s interpretation that the statutes apply to these buildings, which are not garden-type maisonette dwellings, is rational and should be upheld (Matter of Bambeck v State Div. of Hous. & Community Renewal, 129 AD2d, at 56, *792 supra; Matter of Krakower v State Div. of Hous. & Community Renewal, 137 AD2d 688, 689).
In determining the existence of a regulated horizontal multiple dwelling the crucial factor, therefore, is not whether the housing accommodations are part of a "multiple family garden-type maisonette complex”, but rather whether there are sufficient indicia of common facilities, common ownership, management and operation to warrant treating the housing as an integrated unit and multiple dwelling subject to regulation (Matter of Bambeck v State Div. of Hous. & Community Renewal, 129 AD2d, at 58, supra; Matter of Love Sec. Corp. v Berman, 38 AD2d 169, 170-171).
In Matter of Salvati, DHCR correctly considered whether the subject buildings constituted a regulated horizontal multiple dwelling even though they are not part of a garden-type maisonette complex. Supreme Court concluded however, and we agree, that DHCR’s finding that the buildings constituted such a regulated horizontal multiple dwelling is not supported by substantial evidence since the only evidence of common facilities was a heating unit located in the basement of one building which serviced both buildings. Although DHCR argues to us that there are other indicia of commonality, such as a common fuel storage tank, a common hot water system, a common fire escape, a common roof and a common backyard, there are no such factual findings in the record.
By contrast in Matter of Heller, although DHCR incorrectly concluded that the Rent Stabilization Law applied only to garden-type maisonette complexes, the record contains substantial evidence supporting the agency’s factual determination and alternate finding that the subject buildings, although under a single ownership, did not constitute a regulated horizontal multiple dwelling because they did not share sufficient common facilities or services — the only facility common to the three buildings was a shared heating system; the buildings had separate water and sewer mains, electric service and mail boxes.
Accordingly, the order of the Appellate Division in Matter of Salvati v Eimicke should be reversed, with costs, and the determination of the Division of Housing and Community Renewal annulled. The order of the Appellate Division in Matter of Heller v Mirabal should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexan *793 der, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
In Matter of Salvati v Eimicke: Order reversed, with costs, and determination of the Division of Housing and Community Renewal annulled.
In Matter of Heller v Mirabal: Order affirmed, with costs.