■ CAROL L. JACKSON et al., Respondents, v ABRAHAM BIDERMAN, as Commissioner of the New York City Department of Housing Preservation and Development, et al., Appellants.— Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about April 18, 1988, which denied defendants-appellants' motion for summary judgment dismissing the complaint and which granted plaintiffs-respondents' cross motion to amend the complaint, unanimously reversed, on the law, without costs, appellants' motion granted, respondents' cross motion denied, and it is hereby declared that the subject premises are not a single-room-occupancy multiple dwelling.

Plaintiffs-respondents commenced this action for a judgment declaring two adjoining buildings at 335 and 337 West 71st Street to be a class B horizontal multiple dwelling, and to annul the reclassification of 337 West 71st Street as a class A multiple dwelling by defendants-appellants the New York City Department of Housing Preservation and Development and the New York City Department of Buildings. After issue had been joined, the city appellants moved for summary judgment dismissing the complaint on the ground that the relief requested was available only through a CPLR article 78 proceeding, not a declaratory judgment action, and that the four-month Statute of Limitations for article 78 proceedings had expired. The owners of the buildings, defendants-appellants K. Y. Lung and Kwai Yee Lung, also moved for summary judgment, challenging respondents' standing and the legal sufficiency of their claims.

Respondents then sought leave to amend the complaint, to request a judgment declaring 335 and 337 West 71st Street to be a "single room occupancy multiple dwelling" and a declaration that they were, therefore, protected by the provisions of the Single Room Occupancy (SRO) Law (Administrative Code of City of New York §§ 27-198, 27-198.2). Supreme Court granted respondents leave to amend the complaint and denied the motion for summary judgment.

It is clear that the original complaint was subject to dis-

missal on the Statute of Limitations ground. A declaratory judgment action is inappropriate to challenge an administrative act "when other remedies, including an article 78 proceeding are available" *(Greystone Mgt. Corp. v Conciliation & Appeals Bd.,* 94 AD2d 614, 616 [1st Dept 1983], *affd* 62 NY2d 763 [1984]). Where the rights of the parties are "open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action." *(Solnick v Whalen,* 49 NY2d 224, 229-230 [1980].) Thus, the original pleading was time barred.

Upon review of respondents' papers in support of the amended pleading, we do not agree that the amended pleading states a viable claim, as a matter of law (CPLR 3211 [e]). The Single Room Occupancy Law specifically exempts certain types of multiple dwellings, whether class A or class B, which are used as rooming or boarding houses *(see,* Administrative Code § 27-198 [a] [6]; § 27-198.2 [d]). Appellant owners maintain that the subject premises are two separate buildings, each of which qualifies for exemption from the SRO Law.

Respondents, however, contend that historically the buildings were under common ownership and were sufficiently interdependent to warrant treatment as one building. In a prior action challenging the eviction of rent-controlled tenants from the buildings, this court affirmed a determination by the Division of Rent Control that the two buildings "must be treated as one entity of over 12 units since they are operated as one unit and have a joint heating system." *(Matter of Weiss v Joy,* 99 AD2d 687 [1st Dept 1984].) This determination, according to respondents, is dispositive of whether the two buildings constitute one horizontal multiple dwelling. We do not agree.

The issue in the prior litigation was whether or not the landlord had established "an immediate and compelling necessity" for conversion of the rent-controlled units to the landlord's own use. This was the higher standard for buildings containing 12 or more units under the applicable provision of the rent control law then in effect (Administrative Code § Y51-6.0 [b]). The two buildings, which have a common heating system, were then owned by one person and operated as one unit. This warranted the agency in treating them as one building for the purposes of determining the standard the landlord was required to meet in order to obtain a certificate of eviction. However, the determination that the buildings are a horizontal multiple dwelling requires a greater showing.

The test for a horizontal multiple dwelling is "whether there are sufficient indicia of common facilities, common ownership, management and operation to warrant treating the housing as an integrated unit and multiple dwelling subject to regulation" *(Matter of Salvati v Eimicke,* 72 NY2d 784, 792 [1988]). Although respondents contend that, historically, the buildings shared common gas lines and other systems, it is undisputed that at present the heating system is the only utility common to the buildings. Regarding ownership, respondents essentially contend that the court should disregard the separate ownership, even though title is recorded in separate deeds, because the owners are closely related (father and son) who work together in managing the buildings. However, in *Matter of Salvati (supra),* the fact that three sisters owned two adjoining buildings which shared a boiler was insufficient to support a finding that the buildings constituted a regulated horizontal multiple dwelling. Thus, we find the holding in *Matter of Salvati* controlling.

Inasmuch as respondents' allegations are insufficient, as a matter of law, to establish that the subject premises are a horizontal multiple dwelling which would entitle respondents to the declaration sought, we find that Supreme Court erred in granting leave to amend the complaint. Concur—Murphy, P. J., Milonas, Kassal, Rosenberger and Smith, JJ.