CRESTWOOD LAKE SECTION 1 HOLDING CORP., Appellant, v RICHARD L. HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents.—Judgment, Supreme Court, Westchester County (Nicholas Colabella, J.), entered May 23, 1989, which denied and dismissed the CPLR article 78 petition to vacate an order and opinion, dated August 26, 1988, by respondent Commissioner which affirmed an order of the District Rent Administrator, determining that petitioner was not entitled to rent overcharges in the sum of $11,301.36, and which stayed that part of respondent Commissioner's order directing petitioner to refund to tenants said overcharges, pending appeal, unanimously affirmed, without costs, and petitioner is directed to refund the rent overcharges.

Petitioner has provided no basis for concluding that respondent Commissioner's determination should be vacated. The

challenge to the Commissioner's interpretation of his own regulation is not persuasive, since petitioner has failed to demonstrate that the interpretation assigned to the regulation was either unreasonable or irrational. Under these circumstances, the Commissioner's interpretation is entitled to great weight and deference. *(Matter of Salvati v Eimicke,* 72 NY2d 784, 791; *Matter of Howard v Wyman,* 28 NY2d 434, 438.) Indeed, we find that no other reasonable interpretation of the guideline exists. Moreover, petitioner has failed to demonstrate that its own proposed calculation of base rent for tenants' apartment, previously vacant, was based upon a comparable apartment "having the same number of rooms within the same building or complex of buildings, as of the time of the vacancy", in accordance with the applicable regulations. (Westchester County Rent Guidelines Bd Guidelines and Findings for Lease Agreements commencing between July 1, 1980 and Sept. 30, 1981, as adopted July 23, 1980.) To conclusorily allege that the "comparable apartment" is similar in size and location is insufficient, given the requirements of the guideline.

Respondent Commissioner's determination, arising out of tenants' challenge to a registration statement filed by petitioner, inaccurately setting forth rent charged, does not serve as a bar, under the doctrine of res judicata *(O'Brien v City of Syracuse,* 54 NY2d 353, 357). Tenants' challenge to petitioner's registration statement was commenced subsequent to the instant rent overcharge proceeding, although it was resolved prior to the conclusion herein. In any event, res judicata is inappropriate where both challenges were pending before the administrative agency at the same time. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ.