■ EDWARD T. SAVAGE, Respondent-Appellant, v WILLIAM V. EIMICKE, as Commissioner of the Division of Housing and Community Renewal, et al., Appellants-Respondents.—Judgment of the Supreme Court, New York County (Edward Lehner, J.), entered on June 5, 1989, which granted in part a CPLR article 78 petition brought by a tenant seeking judicial review of an order of Division of Housing and Community Renewal (DHCR) and remanded the proceeding to DHCR, is unanimously modified, on the law and the facts, the direction that the matter be remanded is vacated, the determination is confirmed in its entirety, the petition is dismissed, and except as so modified, affirmed, without costs.

This appeal arises out of three rent overcharge complaints for apartment 16A at 401 East 88th Street for the period of November 1, 1977 to October 31, 1988. The landlord conceded, and DHCR found, that the tenant had been overcharged from November 1, 1977 to October 31, 1981. During the period of November 1, 1981 to October 31, 1984, the tenant occupied the unit without a written lease. The Supreme Court found that DHCR should not have deemed a three-year renewal lease to have been in effect for the period November 1, 1981 to October 31, 1984, and that DHCR should have considered the issue of treble damages. Since the court found the post-1984 rent unlawful, it remanded the matter for a proper determination of the rent as well as six items enumerated in its decision.

An administrative agency's determination is supported by substantial evidence when there is a rational basis for the finding of fact supporting the agency's decision. *(Matter of Pell*

*v Board of Educ.,* 34 NY2d 222.) DHCR's interpretation of statutes and regulations, if not unreasonable or irrational, is entitled to deference. *(Matter of Salvati v Eimicke,* 72 NY2d 784, 791, *rearg denied* 73 NY2d 995.) The facts indicate that the landlord offered the tenant a three-year lease, which would have been accepted except for a dispute as to the rental amount. The deeming of a lease for a three-year period had a rational basis, and the Supreme Court should not have substituted its judgment to find otherwise. Furthermore, the remand ordered by the Supreme Court encompassed six issues which were adequately addressed by DHCR and require no further consideration. Concur—Murphy, P. J., Kupferman, Sullivan, Wallach and Rubin, JJ.