■ In the Matter of TERRY S. TRIADES et al., Appellants, v MANUEL MIRABAL, as Deputy Commissioner of the Division of Housing and Community Renewal, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Com-

munity Renewal, dated November 5, 1987, which found that the petitioners' premises constituted a horizontal multiple dwelling subject to rent regulation, the petitioners appeal from so much of a judgment of the Supreme Court, Queens County (Di Tucci, J.), dated November 16, 1988, as denied their petition in part.

Ordered that the judgment is affirmed insofar as appealed from, with costs to the respondent Division of Housing and Community Renewal.

It is well established that horizontal multifamily structures may be subject to rent regulation provided that they share common facilities and services so as to warrant treating the housing as an integral unit (see, Matter of Salvati v Eimicke, 72 NY2d 784, 792; Matter of Krakower v State of N. Y. Div. of Hous. & Community Renewal, 137 AD2d 688; Matter of Bambeck v State Div. of Hous. & Community Renewal, 129 AD2d 51, 58). Prior to 1979, the subject premises had been one horizontal eight-family structure, under common ownership, with a single heating system. At that time, gas and electric meters were situated in the basement of one unit. Thereafter, the then landlord installed separate boilers, moved the electrical meters, and made an application to divide the existing tax lot. Under the circumstances, we are satisfied that the determination that the subject premises constituted a horizontal multiple dwelling subject to rent regulation, notwithstanding its conversion into independent buildings (see, 9 NYCRR 2520.11 [d]), was not irrational nor arbitrary and capricious.

In addition, we note that the order dated November 3, 1983, of the Queens County District Rent Director, which purported to terminate the administrative proceeding on the ground that the premises did not fall under rent regulation, did not bar Division of Housing and Community Renewal (hereinafter the DHCR) from reinstating the administrative proceeding. That order was not released to the parties. Therefore, the parties were not given an opportunity to challenge the finding therein, and it cannot be deemed a final order precluding further action by the DHCR. Brown, J. P., Kooper, Harwood and Miller, JJ., concur.