■ In the Matter of FIL SPIZZIRRO, Appellant, v DAVID AYALA, as District Rent Administrator, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State of New York Division of Housing and Community Renewal, dated April 12, 1989, which directed the petitioner to issue a lease to the respondent tenants at a stated monthly rent, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered January 10, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The tenants herein, John Moreno and Marilyn Moreno, took occupancy of their apartment in 1979 at a monthly rent of $250. The property, a 19-unit apartment building, was owned by the children of Louis Spizzirro, Marilyn's stepfather. The rent was increased over the years to $400 but the tenants were never offered a written lease. When Louis Spizzirro died in 1988, his children (hereinafter the landlord) sought to evict the tenants on the ground that the apartment was needed for a family member. The tenants filed a complaint with the respondent State of New York Division of Housing and Community Renewal (hereinafter DHCR) which determined that by failing to offer the tenants a written lease the landlord had violated the Emergency Tenant Protection Act of 1974 (L 1974, ch 576) (hereinafter ETPA) and its implementing regulations (9 NYCRR part 2500). The DHCR thus directed the landlord to offer the tenants the choice of either a one or two-year lease at the initial monthly rent of $250. The Supreme Court dismissed the proceeding, and we affirm.

Contrary to the landlord's contention, the DHCR correctly ruled that the Morenos were "tenants" as defined by the ETPA inasmuch as they were "person[s] entitled to the possession or to the use or occupancy of any housing accommodation" (9 NYCRR 2500.2 [h]). As such, they were entitled to the ETPA's statutory protections which require that a landlord provide a written lease when the tenant first takes occupancy and provide renewal leases thereafter (see, 9 NYCRR 2502.5 [a], [b]).

Where a landlord fails to offer a renewal lease, the tenant may choose a one- or two-year lease and "[t]he guidelines rate applicable in such cases shall be the rate in effect on the first day subsequent to the expiration of the last lease or the rate in effect when the lease is renewed, whichever is lower" (9 NYCRR 2503.5 [b]). The DHCR has interpreted this section to

mean that where, as here, there is no prior written lease, the applicable rent shall be the rate in effect when a lease was first required. It is well established that the DHCR's interpretation of the regulations it administers, if not unreasonable or irrational, must be given great deference *(see, Matter of Salvati v Eimicke,* 72 NY2d 784). We are satisfied that DHCR's determination herein is not unreasonable or irrational. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.