■ In the Matter of LOVENTHAL MANAGEMENT, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. In the Matter of MADISON III ASSOCIATES, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent.—Orders and judgments (two papers), Supreme Court, New York County (Bruce McM. Wright, J.), entered April 1 and April 3, 1991, which denied petitioners' applications pursuant to CPLR article 78 to annul respondent's determination finding the subject building to be subject to the Rent Stabilization Law, and dismissed the petition, unanimously affirmed, without costs.

Pertinent records on file with various City agencies, including a 1923 inspection report and the 1924 certificate of occupancy, show that the premises were comprised of six residential units. The only proof submitted by petitioners that the premises contained five units when they first became subject to the Rent Stabilization Law was the illegal conversion in 1970 of two units into one. Respondent's holding that an illegal renovation cannot be used by petitioners as a basis to exempt the premises from coverage under the Rent Stabilization Law is neither unreasonable nor irrational (cf., *Duane Thomas Loft Tenants Assn. v Sylvan Lawrence Co.*, 117 Misc 2d 360; *Matter of Jaffe v New York State Div. of Hous. & Community Renewal*, Sup Ct, NY County, Kirschenbaum, J., index No. 17877/86, *affd* 144 AD2d 1040), and is entitled to deference (*Matter of Salvati v Eimicke*, 72 NY2d 784, 791).

Petitioner Loventhal Management's due process argument based on petitioner Madison III's admission in another proceeding is without merit for the reasons stated by the IAS court. Concur—Milonas, J. P., Ross, Asch and Rubin, JJ.