■ In the Matter of DIGBY MANAGEMENT Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered May 14, 1992, which in a proceeding pursuant to CPLR article 78 to annul respondent's determination that the buildings in question constitute a "horizontal multiple dwelling" subject to the Rent Stabilization Law, denied the application and dismissed the petition, unanimously affirmed, without costs.

A rational basis exists for respondent's finding of a horizontal multiple dwelling, the record showing inter alia, a history of common ownership, a common heating system, a common meter for lighting in all public areas, a common chimney, a common facade and roofs, and combined tax, sewer and water bills for the subject premises that were paid by a common owner since 1978 (Matter of Salvati v Eimicke, 72 NY2d 784). A court may not substitute its judgment for that of the agency acting pursuant to its legislative authority in the area of its expertise (Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd., 112 AD2d 72, affd 66 NY2d 1032). We have reviewed petitioner's remaining claims and find them to be without merit. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.