OPINION OF THE COURT
Alan LeVine, J.
In this CPLR article 78 proceeding petitioner, Ciampa North Co., seeks a judgment permanently enjoining respon *184 dent New York State Division of Housing and Community Renewal (hereinafter DHCR) from implementing or directing the compliance with the finding of a rent overcharge and annulling in part that portion of the May 19, 1992 decision and order which upheld the finding of a rent overcharge in the sum of $15,804.46.
Petitioner Ciampa North Co. is the owner of an apartment building known as 139-81 35th Avenue, Flushing, New York. Ciampa North Co. applied for and received real property tax exemption benefits pursuant to section 421-a of the Real Property Tax Law (hereinafter RPTL) upon the initial construction of this building. The building was completed on July 28, 1972 and the tax benefits expired on June 30, 1973.
On July 28, 1988, the tenant of apartment 6E filed a rent overcharge complaint with the DHCR, in which she stated that she took occupancy on March 1, 1986 at a rent of $750 a month. The owner, in response, submitted computerized rent ledgers for April 1, 1984, April 1, 1985 and February 1, 1986 and asserted that the subject apartment had been destabilized due to the expiration of the tax benefits granted under RPTL 421-a.
The District Rent Administrator, in an order dated April 9, 1990, determined that there had been a rent overcharge and imposed treble damages totaling $39,570.16 as of April 30, 1990. The rent calculation chart included a notation that the subject building was completed prior to January 1, 1974 and therefore was subject to the Rent Stabilization Law.
The owner filed a petition for administrative review (hereinafter PAR) on April 24, 1990, in which it asserted that the subject apartment was not subject to rent regulation. It was asserted that as the owner was granted tax benefits under RPTL 421-a, and that as this section had been amended to include subdivision (2) (f) (i), by chapter 346 (§ 1) of the Laws of 1984, effective July 3, 1984, residential apartments which became vacant after the building’s tax benefits expired were destabilized and no longer subject to the Rent Stabilization Law and Code. The owner thus argued that as the complaining tenant took occupancy on March 1, 1986, well after the tax benefits expired on June 30, 1973, the tenant’s apartment was no longer subject to rent regulation.
The Commissioner of the DHCR, in a decision and order dated May 19, 1992, granted the PAR in part and vacated the penalty of treble damages on the ground that the overcharge *185 was not willful. The Commissioner denied the remainder of the PAR and upheld the finding that the apartment was subject to rent regulation and that there had been a rent overcharge totaling $15,804.46 as of April 30, 1990. The Commissioner initially noted that buildings containing six or more units and completed between February 1, 1947 and December 31, 1973 were generally subject to rent stabilization. (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504, as implemented by section 2 [¶] and [g] of former Code of Rent Stabilization Association of New York City, Inc., now covered by Rent Stabilization Code [9 NYCRR] § 2520.11.) The Commissioner then rejected the owner’s argument concerning RPTL 421-a (2) (f) (i), as amended by section 1 of chapter 346 of the Laws of 1984. Section 421-a (2) (f) provides, in pertinent part, that:
"Notwithstanding the provisions of any local law for the stabilization of rents in multiple dwellings or the emergency tenant protection act of nineteen seventy-four, the rents of a unit shall be fully subject to control under such local law or such act * * * for a period of ten years or for the period any such applicable law or act is in effect, whichever is shorter. Thereafter, such rents shall continue to be subject to such control to the same extent and in the same manner as if this section had never applied thereto, except that such rents shall be decontrolled if:
"(i) with respect to units subject to the provisions of this section on the effective date of this subparagraph such a unit becomes vacant after the expiration of such ten year period or applicable law or act”.
The Commissioner noted that section 421-a (2) (f) (i) became effective on July 3, 1984 and that the provisions of paragraph (f) expired on May 15, 1985, at which time the amendment of this section reverted back to language prior to the amendment. (L 1984, ch 346, § 3.) The Commissioner thus determined that the phrase "with respect to units subject to the provisions of this section on the effective date of this subparagraph” was not meant to deregulate apartments which were built prior to the effective date of the amendment and were independently subject to regulation. The Commissioner further stated that this interpretation was supported by the provisions of section 2520.11 (p) of the Rent Stabilization Code, and by section 2.7 of the regulations promulgated by the New York City Department of Housing Preservation and Develop *186 ment. The Commissioner determined that as petitioner’s building did not fall within any of these statutory or regulatory exceptions, the apartment was subject to rent regulation.
Petitioner now seeks a judgment restraining respondent DHCR from enforcing or implementing the finding of a rent overcharge, and annulling the decision and order of May 19, 1992 on the grounds that it is arbitrary and capricious and contrary to law. Petitioner argues that pursuant to RPTL 421-a (2) (f) (i) the subject apartment became vacant after the expiration of the building’s real estate tax exemption and thus became destabilized by operation of law. Petitioner argues that the DHCR’s interpretation of this section is inconsistent with the governing statute and therefore the order of May 19, 1992 should be annulled. Petitioner further argues that its interpretation of section 421-a (2) (f) (i) was sustained by the District Rent Administrator in other proceedings pursuant to orders dated February 10, 1987 and June 3, 1987, and that the agency’s failure to follow its own precedent was arbitrary and capricious.
Respondent DHCR, in opposition, asserts that its decision and order of May 19, 1992 was neither arbitrary nor capricious and had a rational basis in law. Respondent asserts that petitioner has misread the provisions of RPTL 421-a (2) (f) (i). It is asserted that although this section mandates vacancy destabilization under certain circumstances once the owner’s tax benefits have expired, it is inapplicable to the subject building. It is argued that as the subject building was completed on July 28, 1972 and contained more than six units, it remained subject to rent stabilization at the expiration of the tax benefits. It is further argued that tax benefits under section 421-a are only applicable to buildings which commenced construction after January 1, 1975 (RPTL 421-a [2] [c] [ii]), and therefore the 1984 amendment is inapplicable to petitioner’s building. Respondent thus argues as the "units” were not subject to section 421-a on July 3, 1984, the effective date of the amendment, the subject apartment was not statutorily destabilized.
The sole issue before this court is one of statutory interpretation. DHCR’s interpretation of the statutes it administers, if not unreasonable or irrational, is entitled to deference. (Matter of Salvati v Eimicke, 72 NY2d 784, 791; Matter of Colt Indus. v New York City Dept. of Fin., 66 NY2d 466; Matter of New York Pub. Interest Research Group v New York State Dept. of Ins., 66 NY2d 444; Matter of Howard v Wyman, 28 *187 NY2d 434; Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104.) The phrase "with respect to units subject to the provisions of this section on the effective date of this subparagraph” set forth in section 421-a (2) (f) (i), when read as a whole, supports the agency’s determination that the apartment was not statutorily decontrolled. The term "section” here refers to RPTL 421-a and "units” or apartments must be subject to this section on July 3, 1984, the effective date of the amendment. Section 421-a (2) (c) (ii), however, provides that only multiple dwellings whose construction commenced after January 1, 1975 would be eligible for tax exemption benefits under section 421-a. Petitioner’s building, therefore, was not eligible for statutory decontrol status, as it was constructed and completed on July 28, 1972. The language set forth in section 421-a (2) (f) thus clearly provides that the subject building would continue to remain subject to rent regulation following the expiration of the tax benefits in the same manner as it had been regulated under the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4).
Accordingly, respondent’s decision and order of May 19, 1992, was neither arbitrary nor capricious, and had a rational basis in law.
In view of the foregoing, the request for a permanent injunction and to annul the order of May 19, 1992 is denied, and the petition is dismissed.