■ In the Matter of JOHN J. NICIT, Appellant, v EDWARD V.

---

REGAN, as New York State Comptroller, Respondent. [604 NYS2d 351] —White, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered December 9, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a retroactive date of retirement.

Petitioner, as a member of the New York State and Local Employees' Retirement System, became eligible to receive a pension on July 1, 1979. The effective date of his retirement, however, was deemed by respondent to be April 17, 1991, due to the fact that petitioner's service retirement application was not filed until March 18, 1991. Petitioner claimed that the effective date of his retirement should be July 1, 1979, the date his right to a pension vested. At the conclusion of the administrative hearing held on this issue, the Hearing Officer denied petitioner's application for retroactive service retirement. His determination was confirmed by respondent who found that petitioner's request was contrary to both the statutory and regulatory requirements. Supreme Court agreed and dismissed the petition.

The issue on this appeal is whether respondent's interpretation of Retirement and Social Security Law § 70 (a) and § 76 (a) (3) was rational (see, Matter of Salvati v Eimicke, 72 NY2d 784, 791). Retirement and Social Security Law § 76 (a) (3) provides in pertinent part that an eligible member of the retirement system "shall be entitled to make application for a vested retirement allowance to be effective on or after the first day of the month following his [or her] attainment of fifty-five years of age" (emphasis supplied). The procedures governing the filing of an application for a pension are set forth in Retirement and Social Security Law § 70 (a) which provides: "Any such member desiring to retire shall execute and file with [respondent] an application for retirement, which shall specify the effective date of his [or her] retirement, which shall be not less than thirty nor more than ninety days subsequent to such date of filing." This section has been further delineated by regulations which provide, inter alia, that an application must be on file with respondent no less than 30 or more than 90 days before the effective date of retirement (2 NYCRR 341.4 [a]). The regulations further provide that for tier I members, like petitioner, a vested retirement application becomes effective on either the date it is filed or on the first day of the month following the applicant's 55th birthday, whichever is later (2 NYCRR 341.4 [b]).

It is a cardinal rule of statutory construction that the legislative intent is to be sought and ascertained from the words and language used in the act and should not be extended by construction beyond its express terms (McKinney's Cons Laws of NY, Book 1, Statutes § 94). Respondent's determination is in accord with this rule because the language of the statutes and regulations unambiguously makes the filing of an application for pension benefits a condition precedent to the receipt of benefits and clearly establishes April 17, 1991 as the effective date of petitioner's retirement, which was 30 days after his application was filed. Accordingly, we conclude that respondent's determination has a rational basis.

Our examination of petitioner's other contentions discloses that they have no merit. Thus, Supreme Court did not err in dismissing the petition.

Crew III, J. P., Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.