◼ In the Matter of ROSA PETRUSO, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [627 NYS2d 450] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Housing and Community Renewal, dated March 21, 1991, finding that two buildings owned by the petitioner are a horizontal multiple dwelling subject to

rent regulation, the petitioner appeals from a judgment of the Supreme Court, Queens County (Rutledge, J.), dated January 28, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"It is well established that horizontal multifamily structures may be subject to rent regulation provided that they share common facilities and services so as to warrant treating the housing as an integral unit" (Matter of Triades v Mirabal, 172 AD2d 541, 542; see, Matter of Salvati v Eimicke, 72 NY2d 784, 792). Moreover, the Division of Housing and Community Renewal's intrepretation of the statutes that it administers, if not unreasonable or irrational, is entitled to deference (see, Matter of Salvati v Eimicke, supra, at 791).

Under the circumstances of this case, we find that the determination of the Division of Housing and Community Renewal that the two buildings in question are a horizontal multiple dwelling and subject to rent regulation because they have common ownership and share common facilities is not arbitrary and capricious (see, CPLR 7803 [3]).

The petitioner's remaining contentions are without merit. Mangano, P. J., Joy, Hart and Florio, JJ., concur.