■ In the Matter of JAMES L. ROGERS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [643 NYS2d 601] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Appeals Board of the Transit Adjudication Bureau dated February 22, 1994, which, after a hearing, sustained the issuance of a notice of violation and the imposition of a $50 fine against the petitioner, the appeal is from a judgment of the Supreme Court, Kings County (Yoswein, J.), dated April 5, 1994, which (1) vacated the determination of the Appeals Board of the Transit Adjudication Bureau, (2) dismissed the notice of violation, and (3) directed the appellant to refund the $50 fine.

Ordered that the judgment is reversed, on the law, with costs, the determination of the Appeals Board of the Transit Adjudication Bureau is confirmed, and the proceeding is dismissed on the merits.

The petitioner is a member of a political organization known as the Socialist Worker's Party (hereinafter SWP). On October 30, 1993, two days before the New York City elections, the petitioner and his associates, two SWP volunteers, set up a card table on the mezzanine level of the subway station in Jamaica, Queens, for the purpose of engaging passersby in conversation with regard to the SWP's political candidates. During the course of campaigning, the petitioner sold several copies of the SWP newspaper, The Militant. The petitioner conceded that he was warned by a New York City Transit

Authority (hereinafter Transit Authority) police officer that his sales activity was in contravention of Transit Authority rules and, indeed, he and his associates removed themselves from the subway station. However, due to inclement weather, the petitioner and his associates moved back down into the subway station where they restationed themselves by the escalator and resumed their sales activity. The petitioner was issued a notice of violation charging him with violating a regulation against selling books in the subway.

After a hearing, the Transit Adjudication Bureau determined that the petitioner violated 21 NYCRR 1050.6 (b) by engaging in "unauthorized commercial activity". This finding was affirmed by the Appeals Board of the Transit Adjudication Bureau (hereinafter the Appeals Board).

The petitioner subsequently brought the instant proceeding pursuant to CPLR article 78 seeking a judgment vacating the determination and dismissing the notice of violation. The petitioner asserted, *inter alia*, that the determination violated his constitutional right to free speech.

The Supreme Court, Kings County, thereafter vacated the final determination of the Appeals Board, dismissed the Notice of Violation and directed the Transit Authority to refund the fine paid by the petitioner. This was error.

An administrative agency's determination is supported by substantial evidence when there is a rational basis for the finding of fact supporting the agency's decision (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222). The Transit Authority's interpretation of statutes and regulations, if not unreasonable or irrational, is entitled to deference (*see, Matter of Salvati v Eimicke*, 72 NY2d 784, 791). The Transit Authority's determination that the petitioner had violated 21 NYCRR 1050.6 (b) which prohibits "the solicitation of money or payment for * * * goods" had a rational basis, and the Supreme Court should not have substituted its own judgment to find otherwise.

With respect to the constitutional claim, we hold that the subway, ordinarily not a public forum (*see, Gannett Satellite Information Network v Metropolitan Transp. Auth.*, 745 F2d 767, 772; *see also, Loper v New York City Police Dept.*, 999 F2d 699; *Young v New York City Tr. Auth.*, 903 F2d 146), was not transformed into one via the Transit Authority's enactment of 21 NYCRR 1050.6 (c) which authorizes several limited nontransit uses. It is clear that "[t]he government does not create a public forum * * * by permitting limited discourse, but only by intentionally opening a nontraditional forum for public discourse" (*Cornelius v NAACP Legal Defense & Educ. Fund*, 473

US 788, 802; *see also, Young v New York City Tr. Auth., supra,* at 161). While the Transit Authority, via its enactment of 21 NYCRR 1050.6 (c) expanded its function beyond merely contributing to efficient subway travel, this limited expansion of function expressly did not encompass the commercial activity at issue.

"The regulation of expressive activity on public property neither traditionally available nor designated for that purpose is subject only to a limited review—the regulation must be reasonable and not designed to prohibit the activity merely because of disagreement with the views expressed" (*Loper v New York City Police Dept., supra,* at 703; *see also, International Socy. for Krishna Consciousness v Lee,* 505 US 672). Our review of the record leads us to the conclusion that the Transit Authority's prohibition against commercial activity in its subway stations satisfies these requirements. Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.