■ In the Matter of WALJOY REALTY Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [664 NYS2d 754] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated April 28, 1995, which found that the petitioner's premises constituted a horizontal multiple dwelling subject to rent regulation, the appeal is from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered April 9, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well established that horizontal multiple dwellings may be subject to rent regulation provided that they share common ownership, management, operation, and facilities so as to warrant treating the housing as an integral unit (McKinney's Uncons Laws of NY § 8625 [a] [4]; *see, Matter of Salvati v Eimicke,* 72 NY2d 784, 792; *see also, Matter of Triades v Mirabal,* 172 AD2d 541, 542). The interpretation by the New York State Division of Housing and Community Renewal (hereinafter DHCR) of the statutes it administers, if not unreasonable or irrational, is entitled to deference (*see, Matter of Salvati v Eimicke, supra,* at 791). Contrary to the petitioner's assertions, the determination by the DHCR that the petitioner's five buildings constituted a horizontal multiple dwelling subject to rent regulation was not arbitrary and capricious (*see,* CPLR 7803 [3]). Thompson, J. P., Joy, Friedmann and Krausman, JJ., concur.