■ In the Matter of First National In Palm Beach, Appellant, v Joseph H. Holland, as Commissioner of the State Division of Housing and Community Renewal, Respondent. [693 NYS2d 523] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered February 4, 1997, which denied the application and dismissed the petition brought pursuant to CPLR article 78 to annul the order of respondent Division of Housing and Community Renewal (DHCR), dated August 24, 1995, directing a rent reduction for the building owned by petitioner's decedent, unanimously affirmed, without costs.

The IAS Court properly found that respondent DHCR's order reducing rent at the subject premises, by reason of the landlord's failure to maintain certain building-wide services, had a rational basis in the administrative record and was not arbitrary and capricious (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231; *Matter of Salvati v Eimicke*, 72 NY2d 784). DHCR submitted sufficient proof that it had provided the managing agent with notice of the tenants' complaint and an opportunity to respond, and, contrary to petitioner's contention, the court was not required to hold an evidentiary hearing to determine the legal issues raised in connection with the service of such notice. The defects listed in the Rent Reduction Orders were directly related to the conditions listed in the complaint and such orders were, accordingly, properly based on those defects. Finally, the landlord's counsel was not deprived of access to DHCR's administrative files. Indeed, the landlord's counsel submitted certain documents copied from the administrative files and had ample opportunity to make further submissions but did not do so. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.