*645 OPINION OF THE COURT
Per Curiam.
Order and judgment entered May 3, 2000 affirmed, with $25 costs.
In this plenary action, Civil Court properly granted judgment in favor of plaintiff landlord for rent arrears resulting from defendants’ failure to pay the full amount of their respective rent-controlled rents over an extended period. The record shows that in October 1992 the Division of Housing and Community Renewal (DHCR) authorized a reduction of closet space in the subject apartments to accommodate a new plumbing system, resulting in a permanent rent reduction of $4 per month for each affected closet. We reject defendants’ argument that landlord was required to first obtain a rent restoration order from the agency before collecting subsequent rent control increases. Pursuant to DHCR Policy Statement 90-1, “if the rent reduction has been granted for a failure to provide a service which * * * cannot be considered detrimental to the health of the tenant(s), then the MCR increase * * * will be collectible.” Manifestly, the de minimis reduction of closet space cannot be equated with a failure to provide essential services which would require owner certification before rent increases may be collected. Since DHCR’s interpretation of the statutes it administers, if not unreasonable, is entitled to deference {Matter of Salvati v Eimicke, 72 NY2d 784), the judgment for rent is affirmed.
To the extent that DHCR, in a proceeding concerning a rent-stabilized tenant in the same building affected by the same rent reduction, determined that the owner was required to file an application to restore rent under section 2523.3 of the Rent Stabilization Code (9 NYCRR), that determination is not dis-positive in this action against rent-controlled tenants since DHCR Policy Statement 90-1- applies only to rent-controlled tenants. Rent control and rent stabilization are distinct regulatory schemes and differences in treatment of housing accommodations under each scheme is not unusual (see, 8200 Realty Corp. v Lindsay, 27 NY2d 124, 137-138).
McCooe, J. P., Davis and Suarez, JJ., concur.