OPINION OF THE COURT
Memorandum.
Final judgments unanimously affirmed without costs.
In 1999, landlord purchased contiguous, four-unit apartment buildings at 55 and 57 Monroe Avenue, Staten Island, pursuant to the Department of Housing Preservation and Development’s asset sales program, and as a condition of the sale, she gave her tenants two-year leases (see Matter of DeJesus v Roberts, 296 AD2d 307, 308 [2002]). When landlord declined to renew the leases and commenced summary holdover proceedings, the tenants moved to dismiss their respective petitions on the ground that the structures constituted a horizontal multiple dwelling subject to the Rent Stabilization Law’s provisions entitling them, inter alia, to lease renewals and regulated rent increases. After a consolidated trial, the court rejected the claim and granted the petitions.
Adjacent structures constitute a regulated horizontal multiple dwelling when the “indicia of common facilities, common ownership, management and operation to warrant treating the housing as an integrated unit” (Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]). In support of their claim that the structures constitute an integrated multiple dwelling, tenants cite the structures’ common ownership and management, the combined tax assessment, and the common heating system, facade, roof, and rear yard. However, in our view, the court below properly concluded that the structures do not constitute a single horizontal multiple dwelling.
Although presently exhibiting a uniform facade and a continuous roof cornice, the two structures, built before 1923, preserve their original internal architectures consisting of four-family independently-numbered tenements erected contiguously on what were then separate lots. Internally, the structures share only a common wall and, aside from heat conduits, there are no connecting passages from roof to basement floor. A 1923 alterations plan, which refers to the structures as the “tenements,” reveals that, as today, they had separate entrance doors, vestibules, staircases to the upper floors and basement, fire escapes, and chimneys, and were served by separate electricity, gas, water and sewer lines. The apartments in each structure currently have separate sets of utility meters, *846 intercom systems, doorbells, and mailboxes, and exclusive access to the respective basements. The structures have different multiple dwelling registration numbers and they are independently inspected for safety and habitability violations. The sole integrated service, the heating system, was installed only in 1960 in response to heating violations the City of New York had filed against both structures.
“[S]ince cases present various combinations of these factors, no one factor can be said to be determinative” nor does satisfaction of one or more elements of the test necessarily compel a finding of integration (First Sterling Corp. v Catapano, NYLJ, Apr. 8, 1991, at 26, col 1 [App Term, 1st Dept]). Claims of common ownership, heating, and tax assessment, even considered collectively, do not require a finding of an integrated multiple dwelling where the countervailing factors, as here, are more compelling (e.g. Jackson v Biderman, 151 AD2d 400, 401 [1989] [common ownership, operation, and heating system insufficient]; Nicholson & Nichols v McClintock, NYLJ, Mar. 3,1987, at 5, col 1 [App Term, 1st Dept] [same]). The same result has been reached where, in addition to these factors, the buildings occupied a single tax lot and shared one or more structural features (e.g. Cha Kai Bros, v Nicholas G. Yeager, Inc., NYLJ, Oct. 21, 1998, at 25, col 5 [Civ Ct, NY County]; DeLorenzo v Krizman, NYLJ, May 16, 1986, at 12, col 1 [App Term, 1st Dept], affd 125 AD2d 1015 [1986]). We note that most of the cases cited by tenants as supporting a contrary result arise from administrative determinations involving a more deferential standard of review (CPLR 7803 [3]; see Matter of Bambeck v State Div. of Hous. & Community Renewal, Off. of Rent Admin., 129 AD2d 51, 57-58 [1987]).
Pesce, P.J., Golia and Rios, JJ., concur.