OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
*6 Tenant argues on appeal that the structures located at 69-03 and 69-01 38th Avenue, Woodside, Queens, constitute a horizontal multiple dwelling subject to the Rent Stabilization Law entitling them to a renewal lease and regulated rent increases.
In determining the existence of a regulated horizontal multiple dwelling, there must be sufficient indicia establishing common facilities, common ownership, management and operation to warrant a finding that the housing is an integrated multiple dwelling subject to the Rent Stabilization Law (Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]; Howell v Francesco, 195 Misc 2d 844 [App Term, 2d Dept 2003]). In support of tenant’s claim that the two structures constitute an integrated multiple dwelling, they cite the structures’ common ownership, combined tax assessment, common water meter, front steps, facade and roof. However, in our view, the court below properly concluded that the structures do not constitute a single horizontal multiple dwelling. Internally, the structures share only a common wall and there are no passages from the roof to the basement. The structures have different addresses, separate entrances and are served by separate electrical and gas lines and meters. There are two certificates of occupancy and they also have separate multiple dwelling registration numbers. Although the evidence adduced at trial established that the housings are currently served by one water meter, the landlord established that there had been a meter for each structure, but one was removed due to a defect, and it had not been replaced by the appropriate authority.
Claims of common ownership, operation, or that the housings occupy a single tax lot and share one or more structural features is not dispositive of the issue (e.g. Jackson v Biderman, 151 AD2d 400, 401 [1989]; Delorenzo v Krizman, NYLJ, May 16, 1986, at 12, col 1 [App Term, 1st Dept], affd 125 AD2d 1015 [1986]; Howell v Francesco, 195 Misc 2d 844 [App Term, 2d Dept 2003]; Cha Kai Bros, v Nicholas G. Yeager, Inc., NYLJ, Oct. 21, 1998, at 28, col 5 [Civ Ct, NY County]) since the countervailing factors established in this case are more compelling (see Jackson v Biderman, 151 AD2d at 401).
We have reviewed the remaining contentions raised on appeal and find them to be without merit.
Aronin, J.E, Patterson and Golia, JJ., concur.