■ SIGALIT SHARABI, Respondent, v LORRAINE MORALES, Appellant, et al., Defendants. [806 NYS2d 602]—In an action, inter alia, for a judgment declaring that the apartment occupied by the defendant Lorraine Morales is not subject to rent stabilization, the defendant Lorraine Morales appeals from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 20, 2005, as granted that branch of the plaintiff's cross motion which was for summary judgment on the first cause of action for a judgment declaring that the apartment she occupies is not subject to rent stabilization.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion

which was for summary judgment on the first cause of action is denied.

In response to the plaintiff's prima facie showing that the appellant's apartment is not subject to rent stabilization under the Emergency Tenant Protection Act of 1974 (McKinney's Uncons Laws of NY § 8625 [a] [4]), the appellant raised a triable issue of fact as to whether the building in which the apartment was located had more than six units after 1974 and thus, was subject to rent stabilization. Accordingly, that branch of the cross motion which was for summary judgment on the first cause of action for a judgment declaring that the appellant's apartment is not subject to rent stabilization should have been denied (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

In light of our determination, we need not reach the appellant's remaining contentions. Florio, J.P., Goldstein, Fisher and Covello, JJ., concur. [See 7 Misc 3d 1013(A), 2005 NY Slip Op 50580(U) (2005).]