■ In the Matter of AMALGAMATED WARBASSE HOUSES, INC., Appellant, v NEW YORK CITY WATER BOARD, Respondent. [806 NYS2d 184]—

Order and judgment (one paper), Supreme Court, New York County (Eileen Bransten, J.), entered April 7, 2004, which denied petitioner housing complex's application to annul respondent New York City Water Board's determination that "back-billing" limitations applicable at relevant times to residential customers did not apply to petitioner, unanimously affirmed, without costs.

Respondent's rules in effect in 1996, insofar as pertinent, limited certain forms of back-billing to two years for residential customers and six years for commercial customers (15 RCNY, Appendix A, part V, former § 5). We defer to respondent's interpretation of this rule as permitting the six-year limitation where a residential property, such as petitioner, receives a commercial benefit from the operation of a power plant, even though most of the water that flows into the plant is used for residential purposes (see Matter of Salvati v Eimicke, 72 NY2d 784, 791 [1988]). Respondent's finding that petitioner's power plant has a commercial use is rationally supported by a record showing that the power plant, which is located in a separate building from the residential buildings, sells surplus electrical power, when available, for use on the municipal grid; that the specific meter at issue monitors only water used by the power plant, and is separate from other meters that measure purely residential use; and that the meter is billed at a discounted sewer rate that is available only to industrial or commercial property. We have considered petitioner's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.