(January 29, 2009)

■ In the Matter of JOHN F. MARCHISOTTO, Appellant, v RAYMOND KELLY, as Police Commissioner, et al., Respondents. [872 NYS2d 51]—

Judgment, Supreme Court, New York County (Michael D. Stallman, J.), entered January 24, 2008, denying the petition and dismissing the proceeding brought pursuant to CPLR article 78 to annul respondents' determination, which denied petitioner's application for accidental disability retirement benefits by virtue of a tie vote of respondent Board of Trustees (Board), unanimously affirmed, without costs.

Petitioner sustained a fracture of the middle phalanx of the fourth digit of his left hand when he attempted to unclog an overflowing toilet using a plumber's snake. The Board denied him an accident disability pension on the ground that use of the tool was not among his ordinary job duties, finding that petitioner "knew the proper procedure was to call maintenance for a professional to handle the job," and concluding that "the incident does not fit the criteria for accidental disability."

There is substantial evidence in the record to support the Board's conclusion that the activity in which petitioner was engaged at the time of injury was not "undertaken in the performance of ordinary employment duties" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]). Because the determination of which activities constitute the regular duties of a police officer is a matter within the particular expertise of the Board, its findings are entitled to deference (*see Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]), and because the record contains substantial evidence supporting the Board's findings, its decision must be upheld (*see Matter of Salvati v Eimicke*, 72 NY2d 784, 792 [1988]). Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.