TJA Realty, LLC, Respondent-Appellant,
against
Rosario Hermosa, Appellant-Respondent, et al., Undertenants.




The Legal Aid Society (Patrick J. Langhenry, Esq.), for appellant-respondent.
David E. Brookstone, Esq., for respondent-appellant (no brief filed).

Appeal and cross appeal from a decision of the Civil Court of the City of New York, Kings County (Hannah Cohen, J.), entered May 24, 2013, deemed from a final judgment of the same court entered May 24, 2013 (see CPLR 5512 [a]). The final judgment, insofar as appealed from by tenant as limited by the brief, after a nonjury trial, awarded landlord possession in a holdover summary proceeding. The final judgment, insofar as cross-appealed from by landlord, failed to award landlord arrears.




ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the final judgment, insofar as appealed from by tenant, is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
In this holdover proceeding based upon landlord's purported termination of an alleged non-rent-stabilized tenancy, tenant asserted, as one of her affirmative defenses, that 3247 Fulton Street, the building in which she resides, and 3249 Fulton Street, a contiguous building, together constitute a horizontal multiple dwelling that is subject to the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-501 et seq.) (RSL) (see Emergency Tenant Protection [*2]Act of 1974 [ETPA] § 5 [a] [4] [b] [McKinney's Uncons Laws of NY § 8625 (a) (4) (b) (L 1974, ch 576, sec 4, § 5 [a] [4] [b], as amended)]; RSL §§ 26-504, 26-505; Rent Stabilization Code [RSC] [9 NYCRR] § 2520.11 [d]; Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]), thereby entitling her to a renewal lease.
At a nonjury trial, landlord's engineer testified only as to the current state of the building, while tenant's testimony and submissions established that, until recently, the buildings had only been owned and operated as a single unit; that, at least through 1980, the oil heat in the basement of the adjacent building had provided the heat and hot water to both buildings; that, during that period, all of the gas and electric meters had been housed in the adjacent building; that ownership of the buildings had been passed by a single deed for the entire parcel six times from 1926 to the present; that the buildings had been subject to single mortgages and insurance policies; and that records of the Division of Housing and Community Renewal and the Department of Housing Preservation and Development listed the combined buildings as having seven or eight apartments.
Following the trial, the Civil Court, finding that there were insufficient common facilities "during the relevant time period" in order to deem the buildings a horizontal multiple dwelling, awarded landlord a final judgment of possession and dismissed tenant's counterclaim for attorney's fees. As limited by her brief, tenant appeals from so much of the final judgment as awarded landlord possession. Landlord's cross appeal, from so much of the final judgment as failed to award landlord arrears, is dismissed as abandoned.
As tenant's answer took issue with the petition's allegation that the building is not subject to rent regulation, it was landlord's threshold burden to prove its claim (see Pineda v Irvin, 40 Misc 3d 5 [App Term, 1st Dept 2013]; Rapone v Katz, 30 Misc 3d 132[A], 2011 NY Slip Op 50043[U] [App Term, 1st Dept 2011]; Towers Hotel Invs. Corp. v Davis, 85 Misc 2d 451 [App Term, 2d Dept, 2d & 11th Jud Dists 1975]). Adjacent structures constitute a regulated horizontal multiple dwelling when, "on the date the building first became subject to the RSL" (RSC § 2520.11 [d]), there were sufficient "indicia of common facilities, common ownership, management and operation to warrant treating the housing as an integrated unit" (Matter of Salvati, 72 NY2d at 792).
Unless otherwise exempt, housing accommodations in buildings built before January 1, 1974 containing more than six units are subject to rent stabilization (see RSL § 26-504.1; RSC § 2520.11), and horizontal multiple dwellings are subject to rent stabilization pursuant to the ETPA and the RSL (see Matter of Salvati, 72 NY2d 784). Landlord demonstrated neither that the two buildings did not constitute a horizontal multiple dwelling on January 1, 1974, nor that the determination as to whether the buildings are subject to rent stabilization as a horizontal multiple dwelling should be made as of a later date. Consequently, landlord did not meet its burden of demonstrating that tenant's building is not subject to rent stabilization.
Accordingly, the final judgment, insofar as appealed from by tenant, is reversed and the [*3]matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017