U 31st Street, LLC, Petitioner-Landlord-Respondent, 
against
Pamela Grace Montalvo, Respondent-Tenant-Appellant.



Tenant, as limited by her briefs, appeals from those portions of an order of the Civil Court of the City of New York, New York County (Anne Katz, J.), dated December 17, 2015, which denied her motion for summary judgment dismissing the holdover petition, granted landlord's cross motion for summary judgment of possession, and remanded the matter for further proceedings.




Per Curiam.
Order (Anne Katz, J.), dated December 17, 2015, modified to deny landlord's cross motion for summary judgment; as modified, order affirmed, with $10 costs. 
Landlord's possessory claim, based on allegations that tenant's unregulated lease agreement expired by its terms, is not susceptible to summary disposition. The record presents triable issues of fact as to whether the building in which tenant's apartment was located had at least six residential units on July 1, 1974, or thereafter, and, thus, was subject to rent stabilization (see Rent Stabilization Law [Administrative Code of City of NY] § 26-504[a]; Rent Stabilization Code [9 NYCRR] § 2520.11[d]; Matter of Loventhal Mgt. v New York State Div. of Hous. & Community Renewal, 183 AD2d 415 [1992]; see generally Sharabi v Morales, 23 AD3d 544 [2005]). 
Pertinent records on file with City agencies, including a 1926 certificate of occupancy and "I-Cards," show that the subject building consisted of six residential units. While landlord and the motion court relied heavily upon a "Maximum Base Rent Building Profile and Owner's Order," issued by the Office of Rent Control, indicating that the building contained five residential units as of January 1, 1972, we do not view this document as dispositive as a matter of law, especially given that an amended certificate of occupancy showing less than six residential units was not issued until 1982 and no alteration permit was filed prior to 1980. Thus, it is unclear if the reduction from six units to five, which occurred at some undetermined time between 1926 and 1972, was the result of a legal conversion (see Matter of Loventhal Mgt. v New York State Div. of Hous. & Community Renewal, 183 AD2d at 415 [illegal renovation cannot be used by landlord as a basis to exempt the premises from coverage under the Rent Stabilization Law]). In the circumstances, the issue of whether the building contained six residential units on or after July 1, 1974, must be resolved at trial. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 30, 2017