Ortiz v Dharmnath (2024 NY Slip Op 24110)

[*1]

Ortiz v Dharmnath

2024 NY Slip Op 24110

Decided on March 15, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 15, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-860 Q C

Edwin Ortiz, Respondent,
against
Naomi Dharmnath, Appellant, Kelly Dharmnath, Tenant, et al., Undertenants. 

The Legal Aid Society (Michael Kang of counsel), for appellant.
Cooper, Paroff & Graham, P.C. (Ira G. Cooper of counsel), for respondent.

Appeal from final judgments of the Civil Court of the City of New York, Queens County (Malaika Scott-McLaughlin-Bland, J.), entered May 27, 2021 and October 11, 2022, respectively. The final judgments, both entered pursuant to a decision of that court dated August 20, 2020, after a nonjury trial, awarded landlord arrears and possession, respectively, against Naomi Dharmnath and Kelly Dharmnath, in a holdover summary proceeding.

ORDERED that the final judgments are reversed, without costs, and the petition is dismissed.
In this holdover proceeding based upon landlord's purported termination of an alleged non-rent-stabilized tenancy, Naomi Dharmnath (tenant) asserted, as one of her affirmative defenses, that 120-17 101st Avenue, the building in which she resides, and 120-15 101st Avenue, a contiguous building, together constitute a horizontal multiple dwelling that is subject to the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY § 26-501 et seq.) (see Emergency Tenant Protection Act of 1974 [ETPA] § 5 [a] [4] [b] [McKinney's Uncons Laws of NY § 8625 (a) (4) (b) (L 1974, ch 576, sec 4, § 5 [a] [4] [b], as amended)]; RSL §§ 26-504, 26-505; Rent Stabilization Code [RSC] [9 NYCRR] § 2520.11 [d]; Matter of Salvati v Eimicke, 72 NY2d 784, 792 [1988]), thereby entitling her to a renewal lease.
Following a nonjury trial, the Civil Court found that the two buildings are not subject to rent stabilization as a horizontal multiple dwelling because they "do not share sufficient common [*2]facilities and services to warrant treating the housing as an integrated unit" and that "the separate features of the buildings predominate over the common features." The court subsequently entered final judgments awarding landlord possession and arrears against tenant and Kelly Dharmnath, but only tenant appeals.
Where, as here, a respondent in a summary holdover proceeding pleads that the unit in question is covered by rent stabilization protection, it is a landlord's threshold burden to demonstrate that the subject building is exempt from rent stabilization (see TJA Realty, LLC, v Hermosa, 56 Misc 3d 130[A], 2017 NY Slip Op 50858[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Pineda v Irvin, 40 Misc 3d 5 [App Term, 1st Dept 2013]). Adjacent structures constitute a regulated horizontal multiple dwelling when, "on the date the building first became subject to the RSL" (RSC § 2520.11 [d]), there were sufficient "indicia of common facilities, common ownership, management and operation to warrant treating the housing as an integrated unit" (Matter of Salvati v Eimicke, 72 NY2d at 792). Unless otherwise exempt, housing accommodations in buildings built before January 1, 1974 containing six or more units are subject to rent stabilization (see RSL § 26-504.1; RSC § 2520.11), and horizontal multiple dwellings are subject to rent stabilization pursuant to the ETPA and the RSL (see Matter of Salvati v Eimicke, 72 NY2d 784).
Here, even assuming the Civil Court was correct in finding that the buildings' separate facilities would be sufficient to deem the buildings to be separate entities, landlord only established the conditions of the building as early as, at best, 2017. No evidence was presented regarding the separation of facilities prior to 2017. Consequently, landlord failed to meet his burden of establishing that the building is not subject to rent stabilization in that he did not demonstrate that it was not part of a horizontal multiple dwelling at any time since January 1, 1974.
Accordingly, the final judgments are reversed in their entirety and the petition is dismissed in its entirety (see Rochdale Vil., Inc. v Goode, 16 Misc 3d 49, 53 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 15, 2024